UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA MILLER on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>VIKING CLIENT SERVICES, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, JESSICA MILLER (hereinafter "MILLER") on behalf of herself and all others similarly situated (hereinafter "Plaintiffs") by and through her undersigned attorneys, alleges against the above-named Defendants, VIKING CLIENT SERVICES, LLC, (hereinafter "VCS"), and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff, MILLER, is a natural person and a resident of New York County, State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. VCS is a domestic limited liability partnership with its principal place of business at 10050 Crosstown Circle, Suite 300, Eden Prairie, Minnesota 55344.

8. Upon information and belief, Defendant VCS uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant VCS is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action

### CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from VCS which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a statewide class action. The Class consists of:

> All New York consumers who were sent a collection letter and/or notices from VCS, attempting to collect debt(s) allegedly owed to another, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

14. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

15. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendants violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

16. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

17. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

18. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

19. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

20. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment

will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

21. Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

22. On or before February 13, 2020, Plaintiff incurred a financial obligation to Santander Consumer USA ("Santander").

23. The Santander obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24. The Santander obligation arose out of a transaction, which was for non-business purposes.

25. Santander is a "creditor" as define by 15 U.S.C. § 1692a(4).

26. The Santander obligation is a "debt" as defined by 15 U.S.C § 1692a(5).

27. Plaintiff at all times relevant to this lawsuit was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

28. On or before February 13, 2020, Jefferson Capital Systems, LLC ("Jefferson") purchased the Santander obligation.

29. On or before February 13, 2020 Jefferson owned the Santander obligation.

30. On or before February 13, 2020 Jefferson placed and/or referred the Santander obligation with VCS for the purpose of collection.

31. At the time Jefferson placed and/or referred the Santander obligation with VCS for the purpose of collection, such obligation was past due.

32. At the time Jefferson placed and/or referred the Santander obligation with VCS for the purpose of collection, such obligation was in default.

33. On or about February 13, 2020, VCS caused to be mailed to MILLER a letter concerning the Santander obligation. A copy of said letter is annexed hereto as <u>Exhibit A</u>, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

34. The February 13, 2020 letter to MILLER stated in part:

> VCS Reference Number: LU2388
> Account Balance: $19690.52
> You may pay online at www.payvcs.com or contact us at (800)767-7907.
>
> **Past Due Balance**
> \*\*\*Detach Upper Portion And Return With Payment\*\*\*
>
> VCS Reference Number: LU2388
> Creditor: Jefferson Capital Systems, LLC
> Jefferson Capital Reference Number: XXXXXX2285
> Debt Description: Santander Consumer USA
> Original Creditor: Santander Consumer USA
> Original Account #: XXXXXXXXXXXXX1000
> Account Balance: $19690.52
>
> Jefferson Capital Systems, LLC is the owner of your Santander Consumer USA account.

35. The February 13, 2020 letter to MILLER further stated in part: "It's tax time! Use your tax return to *settle* your account". (emphasis added)

36. The February 13, 2020 letter further stated in part:

> "Viking Client Services, LLC has been authorized to extend an offer to you to resolve your account for 20% of the current amount due. You can accept by sending in a payment within 30 days from the date of this letter. If payment by this date is not possible, contact us at (800) 767-7907 to discuss other *settlement* options which may include additional time to respond to this offer. We are

not obligated to renew this offer. Should your *settlement* payments(s) be returned for any reason by your banking institution, this *settlement* offer may be considered null and void". (emphasis added)

37. The February 13, 2020 letter further stated in part: "Upon completion of the *settlement, your account will be considered settled with Viking Client Services, LLC and Jefferson Capital Systems, LLC will be notified.*" [emphasis added].

38. Upon receipt, MILLER read the February 13, 2020 letter.

39. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, VCS sent collection letters attempting to collect debts to more than 40 consumers residing within the State of New York similar to the letter annexed hereto as Exhibit A.

40. VCS' actions as described herein are part of a pattern and practice used to collect consumer debts.

41. VCS could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

42. It is VCS' policy and practice to send initial written collection communications, in the form annexed hereto that violate the FDCPA, by *inter alia*:

   a. Using false, deceptive or misleading representations or means in connection with the collection of any debt;

   b. Depriving consumers of their right to receive the necessary and accurate information as to the true amount of the alleged debt;

    c.    Depriving consumers of their right to receive the informational content as to amount of potential additional costs;

    d.    Depriving consumers of their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

    e.    Causing consumers to suffered a risk of economic injury.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e et seq.

43. Plaintiff repeats the allegations contained in paragraphs 1 through 42 as if the same were set forth at length herein.

44. Collection letters and/or notices such as those sent by VCS are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

45. VCS violated 15 U.S.C. § 1692 *et seq.* of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

46. 15 U.S.C. § 1692e prohibits a debt collector from using false, deceptive or misleading representation or means in connection with the collection of any debt.

47. VCS violated 15 U.S.C. § 1692e of the FDCPA by using false, deceptive, misleading representations and means in connection with its attempts to collect the alleged debt from Plaintiff and others similarly situated.

48. 15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt.

49. VCS violated 15 U.S.C. § 1692e(10) by stating in the February 13, 2020 letter: "Upon completion of the settlement, your account will be considered settled with Viking Client Services, LLC and Jefferson Capital Systems, LLC will be notified".

50. The February 13, 2020 letter fails to explain whether, "Upon completion of the settlement", in addition to MILLER's "account" being "settled" with VCS, it will also be settled with Jefferson, the current owner of the Santander obligation.

51. The February 13, 2020 letter can be read to have or more meanings:

    a. "Upon completion of the settlement", MILLER's "account" will only be "settled" with VCS, and Jefferson will merely be "notified";

    b. "Upon completion of the settlement", MILLER'S "account" will be settled with VCS, and by Jefferson being "notified", MILLER's account will also be "settled" with Jefferson.

52. At least one of the above meanings in the February 13, 2020 letter is inaccurate.

53. MILLER suffered an informational injury due to VCS' violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to MILLER.

54. MILLER suffered a risk of economic injury due to VCS' violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to MILLER.

55. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

56. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

57. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

58. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

59. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

60. Plaintiff has suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against VCS as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq. as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff and the Class actual damages;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(g) Awarding pre-judgment interest and post-judgment interest; and

(h) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: New York, New York
February 5, 2021

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, New York 101065
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

*/s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, New York 101065
(646) 459-7971 telephone
(646) 459-7973 facsimile
bwolf@legaljones.com

*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph K. Jones*
Joseph K. Jones

# Exhibit A

SDVIKI10
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED

**VIKING**
CLIENT SERVICES

10050 Crosstown Circle, Ste 300
Eden Prairie MN 55344

800-317-6316

February 13, 2020

Jessica Miller

New York NY

MAIL ALL CORRESPONDENCE TO:

VIKING CLIENT SERVICES, LLC
PO Box 59207
Minneapolis MN 55459-0207

VCS Reference Number:    388
Account Balance: $19690.52
You may pay online at www.payvcs.com or contact us at (800)767-7907.

**Past Due Balance**

***Detach Upper Portion And Return With Payment***

VCS Reference Number:    388
Creditor: Jefferson Capital Systems, LLC
Jefferson Capital Reference Number:    2285
Debt Description: Santander Consumer USA
Jefferson Capital Systems, LLC is the owner of your Santander Consumer USA account.

Original Creditor: Santander Consumer USA
Original Account #:    000
Account Balance: $19690.52

It's tax time! Use your tax return to settle your account.

Viking Client Services, LLC has been authorized to extend an offer to you to resolve your account for 20% of the current amount due. You can accept this offer by sending in a payment within 30 days from the date of this letter. If payment by this date is not possible, contact us at (800)767-7907 to discuss other settlement options which may include additional time to respond to this offer. We are not obligated to renew this offer. Should your settlement payment(s) be returned for any reason by your banking institution, this settlement offer may be considered null and void.

Upon completion of the settlement, your account will be considered settled with Viking Client Services, LLC and Jefferson Capital Systems, LLC will be notified.

Sincerely,
Philip Sirek
Viking Client Services, LLC
(800)767-7907

Please be advised that interest and other fees are not accumulating for this account.

**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**

If you wish to pay online, please go to www.payvcs.com or contact us at the number given above for more information. Please make all payments payable to "Viking Client Services, LLC".

Have a comment on Viking Client Services? Viking has an automated comment line available 24 hours a day (800) 201-0050.

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.




Viking Client Services, LLC ♦ 10050 Crosstown Circle, Ste 300 ♦ Eden Prairie MN 55344 ♦ 800-317-6316

**CALIFORNIA RESIDENTS:**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collections Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov

**COLORADO RESIDENTS:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. Local address: 3605 Mead Street, Fort Collins, CO 80526-5313. Local phone (970) 226-1386.

**IDAHO RESIDENTS:**
Our normal business hours are 8AM to 5PM CT, Monday through Friday.

**MAINE RESIDENTS:**
Our normal business hours are 8AM to 5PM CT, Monday through Friday.

**MARYLAND RESIDENTS:**
Our normal business hours are 8AM to 5PM CT, Monday through Friday.

**MASSACHUSETTS RESIDENTS:**
Our normal business hours are 8AM to 5PM CT, Monday through Friday. NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**MINNESOTA RESIDENTS:**
This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK:**
In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive and unfair debt collection efforts, including but not limited to:
  (i) the use or threat of violence;
  (ii) the use of obscene or profane language; and
  (iii) repeated phone calls made with the intent to annoy, abuse or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income (SSI); 2. Social Security; 3. Public assistance (welfare); 4. Spousal Support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

New York City Department of Consumer Affairs License Number - #0987255

**NORTH CAROLINA RESIDENTS:**
North Carolina Department of Insurance Permit #3406.

**TENNESSEE RESIDENTS:**
This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville TN 37243.

PLEASE NOTE: THIS LIST DOES NOT INCLUDE A COMPLETE LIST OF RIGHTS CONSUMERS MAY HAVE UNDER STATE OR FEDERAL LAWS OR REGULATIONS.